IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 3:12cr18 |
| | ) | |
| MICHAEL D. GRIFFIN | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING POSITION**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, Joseph E.H. Atkinson, Special Assistant United States Attorney, and Jessica A. Brumberg, Assistant United States Attorney, hereby submits its position with respect to the sentencing of Michael D. Griffin. The United States concurs with the Probation Officer's determination that Griffin's Total Offense Level is 17, and that his Criminal History Category is I. *See* PSR, Worksheet D. The defendant's applicable Guideline range is 24-30 months. *Id.* Pursuant to the factors set forth in 18 U.S.C. § 3553(a) and for the reasons set forth below, the United States does not seek a sentence above or below the calculated sentencing range.

**I. Background**

On February 27, 2012, Griffin waived indictment and pled guilty to a one-count Criminal Information. The Information charged the defendant with Health Care Fraud, in violation of 18 U.S.C. § 1347, from on or about March 15, 2010 through September 30, 2011. PSR ¶ 1. The defendant was released on bond that same day and remains under pretrial services supervision. PSR ¶ 3.

As outlined more fully in the Statement of Facts (Docket No. 10), Griffin was the Intensive In-Home Program Director for First Class Living Center, LLC ("First Class"). PSR ¶ 11. First Class was a Medicaid-contracted intensive in-home therapy ("IIH") provider located in the Eastern District of Virginia. *Id.* IIH services are mental health services that Medicaid offers for children and adolescents that are at risk of being removed from their home, or are being returned home after removal, because of a specific mental health, behavioral, or emotional issue. *Id.* Medicaid requires prior-authorization for IIH services. *Id.* Keystone Peer Review Organization ("KePro") is contracted by Medicaid to implement and maintain a prior authorization program for IIH services. *Id.* The purpose of the prior authorization program is to ensure that the service requested is medically necessary and meets the criteria for reimbursement. *Id*.

As Program Director for First Class, Griffin was responsible for submitting the prior authorization paperwork justifying IIH services. PSR ¶ 13. Griffin falsified prior authorization paperwork for 20 Medicaid recipients. PSR ¶ 18. For these 20 recipients, Griffin submitted false information to KePro, making recipients appear to be qualified for IIH services that they did not, in fact, need. *Id.* Based upon Griffin's false statements, First Class billed Medicaid at least $325,980.00 for services that were not medically necessary.

## II. Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guidelines range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next the court must 'determine whether a sentence within that range serves the factors set forth

in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors."

*Id.* (*quoting United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). Thus,

> a sentencing court must consider the "nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (*quoting* 18 U.S.C. § 3553(a); *see also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (following *Moreland*).

A.  **A Sentence within the Guidelines Serves the Factors of 18 U.S.C. § 3553**

   *1. Seriousness of the Offense; Provide Adequate Punishment; Need to Deter Future Criminal Conduct*

For the most part, the sentencing guidelines adequately reflect the nature and circumstances of the offense, as they take into account the amount of loss Griffin caused Medicaid and his abuse of a position of trust. There are aggravating factors, however, that the sentencing guidelines have no formula for capturing. Consideration of these factors is not only necessary to account fully for the nature and circumstances of the offense, it is also necessary to have the sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter others.

The first of these aggravating factors is the unique status of Medicaid and the persistent problems it faces. Medicaid is the taxpayer-funded insurer of last resort for an indigent population that has few other options. The second-largest program in Virginia's budget, Medicaid accounted for more than $7.5 billion dollars in fiscal year 2011. *See Virginia's Budget, 2010-2012 Biennium, Virginia Department of Planning and Budget,* available at http://dpb.virginia.gov/budget/vabud/agency.cfm?agencycode=602. Enrollment in the Medicaid program has increased 68% over the last ten years while expenditures have increased as well.

3

*See The Virginia Medicaid Program at a Glance*, *February 2012,* available at http://dmasva.dmas.virginia.gov/Content_atchs/atchs/va-medprg.pdf.  As the Joint Legislative Audit and Review Commission aptly noted in its December 2010 report, "Because Medicaid is such a large program, even a relatively small proportion of improper payments (resulting from fraud, abuse, or errors) can be costly."  *JLARC Interim Report: Fraud and Error in Virginia's Medicaid Program,* available at http://jlarc.virginia.gov/reports/Rpt404.pdf.  The $325,980.00 paid out to First Class because of Griffin's illegal conduct could have been used to provide sorely-needed medical services for the indigent population served by Medicaid.

Griffin's scheme involved planning and deliberate thought.  In executing his scheme to defraud Medicaid, Griffin made conscious decisions on a regular basis (at least 20 times) to submit false medical documentation to mislead Medicaid, allowing First Class to bill for medically unnecessary services.  There were numerous points during his employment at which Griffin could have abandoned his criminal conduct and limited Medicaid's losses.  Instead, Griffin continued to falsify documents -- compounding the damage he caused.

    *2.*    *History and Characteristics of the Defendant; Need for Sentence to Protect the Public  from Further Crimes by the Defendant*

The defendant is 37 years old and has no record of criminal convictions.  PSR ¶¶ 27, 35.  Griffin is well educated, holding both a bachelor's and master's degree.  PSR ¶¶ 65-66.  Griffin has maintained a consistent employment history since at last 2002.  PSR ¶¶ 68-74.  Furthermore, Griffin has fully accepted responsibility for his criminal conduct, pled guilty, and agreed to repay Medicaid for the loss he caused.  PSR ¶ 24.  Although he has no record of convictions, a National Crime Information Center report indicates that in 1996 Griffin was charged with "Possession of Controlled Dangerous Substance or Analog" and "Use/Influence Controlled Dangerous Substance," charges that were ultimately dismissed pursuant to a one-year diversion

program. PSR ¶ 32. While Griffin's education, work history, and lack of prior conviction arguably infer that he is a low-risk to reoffend, his conduct in repeatedly making false assertions regarding medical necessity militate for a sentence within the calculated guideline range.

    3.    *Need to provide Treatment to Defendant; Need to Pay Restitution; Need to Avoid Unwanted Disparities*

Griffin does not suffer from any mental illness and lacks any recent history of substance abuse. PSR ¶¶ 59, 61. Griffin does admit that he previously had an issue with excessive use of marijuana. PSR ¶ 61. Griffin has agreed to pay restitution and has been fully cooperative with the government in identifying assets and agreeing to forfeiture of those assets. Griffin's criminal activity does not fall outside the heartland of criminal offenses, and a sentence within the guideline range will ensure that no unwarranted disparity exists between his sentence and the sentence of a like-positioned defendant.

### III. Conclusion

For the reasons stated above, the United States submits that a sentence within the advisory guideline range of 24-30 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

    Respectfully submitted,

    NEIL H. MACBRIDE
    UNITED STATES ATTORNEY

       /s/
    Joseph E.H. Atkinson
    Special Assistant United States Attorney
    Virginia State Bar. No. 70016
    Office of the Attorney General
    900 East Main Street
    Richmond, VA 23219
    Phone: (804) 692-0586
    Fax: (804) 786-3509
    Email: jehatkinson@oag.state.va.us

Jessica A. Brumberg
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: jessica.a.brumberg@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Ernest Rusty Pleasants Gates , Jr
> CowanGates PC
> 1930 Huguenot Rd
> PO Box 35655
> Richmond, VA 23235-0655
> (804) 320-9100
> Fax: (804) 320-2950
> Email: rgates@cowangates.com

I also hereby certify that on the 21st day of May, 2012, I emailed a true and accurate copy to the following:

> David S. Simon
> United States Probation Officer
> Suite 1150
> 701 East Broad Street
> Richmond, Va. 23219

                                                  /s/
                                     Joseph E.H. Atkinson
                                     Special Assistant United States Attorney
                                     Virginia State Bar. No. 70016
                                     Office of the Attorney General
                                     900 East Main Street
                                     Richmond, VA 23219
                                     Phone: (804) 692-0586
                                     Fax: (804) 786-3509
                                     Email: jehatkinson@oag.state.va.us