# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:12CR18–HEH |
| ) | |
| MICHAEL DUANE GRIFFIN, ) | |
| ) | |
| Defendant. ) | |

## AMENDED ORDER
### (Supervised Release Violation)

THIS MATTER is before the Court for sentencing on a Petition on Supervised Release, filed on March 19, 2015 (ECF No. 26). On April 24, 2015, the Court found Defendant Michael Duane Griffin ("Defendant") in violation of the terms of his supervised release and continued sentencing on his violation to October 23, 2015.

This matter is also before the Court on a second Petition on Supervised Release, filed on September 14, 2015 (ECF No. 36). The Petition alleges that Defendant violated the conditions of his supervision by failing to pay restitution as directed, by leaving the judicial district without permission, by failing to submit truthful and complete monthly supervision report to the probation officer, by failing to answer truthfully all inquiries by the probation officer, and by failing to notify the probation officer within seventy-two hours of being questioned by a law enforcement officer.

At a hearing before this Court on October 23, 2015, the United States made an oral motion to dismiss the failure to submit truthful and complete monthly supervision report violation. Without objection, the Court GRANTED the motion. Accordingly, the

allegation that Defendant violated the conditions of his supervision by failing to submit truthful and complete monthly supervision report is DISMISSED.

Also at the hearing, Defendant ADMITTED to violating his conditions of supervision, as alleged in the Petition, by failing to pay restitution as directed by the probation officer, by leaving the judicial district without permission, by failing to answer truthfully all inquiries by the probation officer, and by failing to notify the probation officer within seventy-two hours of being questioned by a law enforcement officer. Based on Defendant's admission, the Court finds Defendant IN VIOLATION of the conditions of his supervision. Accordingly, it is hereby ORDERED that Defendant's previous term of supervised release be REVOKED pursuant to 18 U.S.C. § 3583(e)(3).

Having considered all the applicable factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e) and for the reasons stated more particularly on the record, the Court finds that a sentence that is adequate but not greater than necessary would be commitment to the United Sates Bureau of Prisons ("BOP") for a period of forty-five (45) days followed by a NEW TERM of supervised release to continue until April 10, 2017, under all of the terms and conditions previously imposed by this Court. The Court will also impose the special terms and conditions that Defendant must adhere to curfew as directed by the probation officer and that Defendant must submit to location monitoring services, **with costs to be paid by Defendant.**

Accordingly, it is hereby ORDERED that Defendant is REMANDED to the custody of the United States Marshals Service and COMMITTED to the custody of the

BOP for a term of forty-five (45) days.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record, the United States Probation Office, the United States Marshals Service, and the United States Bureau of Prisons.

It is so ORDERED.

                                                /s/
                                   Henry E. Hudson
                                   United States District Judge

Date: Dec 1 2015
Richmond, Virginia